# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| OHIO COAL ASSOCIATION, | : | |
| KENTUCKY COAL ASSOCIATION, | : | |
| NATIONAL MINING ASSOCIATION | : | |
| NATIONAL STONE, SAND, AND | : | |
| GRAVEL ASSOCIATION, AND | : | |
| PORTLAND CEMENT ASSOCIATION, | : | Case No. 2:14-cv-02646 |
| | : | |
| Plaintiffs, | : | Related Case: 2:15-cv-448 |
| | : | |
| v. | : | Judge Graham |
| | : | |
| THOMAS E. PEREZ, Secretary of | : | Magistrate Judge Preston Deavers |
| Labor, and MINE SAFETY AND | : | |
| HEALTH ADMINISTRATION, | : | |
| | : | |
| Defendants. | : | |

## ANSWER

Defendants Thomas E. Perez, Secretary of Labor, and Mine Safety and Health Administration (collectively "Defendants"), through their undersigned counsel, hereby answer Plaintiffs' Complaint in the above-captioned matter as follows:

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction.

### SECOND DEFENSE

Plaintiffs lack standing.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

1

<u>FOURTH DEFENSE</u>

Plaintiffs may not continue to seek relief on or pursue claims previously dismissed by Order of this Court. In its June 16, 2016 Order on Defendants' motion to dismiss, the Court dismissed Plaintiffs' due process claim. ECF No. 57.

<u>FIFTH DEFENSE</u>

In response to the numbered paragraphs of Plaintiffs' Complaint, Defendants using the same numbering contained in the Complaint respond to the allegations in that Complaint as follows:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The allegations in the second sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant provisions for a full and accurate statement of their contents, and otherwise deny the allegations.

2.      The allegations in the first sentence and second half of the second sentence constitute Plaintiffs' characterization of their case to which no response is required. To the extent a response is deemed required, Defendants deny these allegations.  The allegations in the first half of the second sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

3.      The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

4.      The allegations in this paragraph constitute legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

5.     The allegations in the first sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the first sentence. The second sentence constitutes Plaintiffs' characterization of their case to which no response is required. To the extent a response is deemed required, Defendants deny the second sentence.

6.     The allegations in this paragraph constitute Plaintiffs' legal conclusions regarding venue to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.     The allegations in the first sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the first sentence. The second sentence consists of Plaintiffs' characterization of their case to which no response is required. To the extent a response is deemed required, Defendants deny the second sentence.

8.     Defendants admit that there is no impending Mine Act enforcement action against Plaintiffs. The remainder of the paragraph constitutes Plaintiffs' characterization of their case to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

9.     This paragraph constitutes legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

10.     This paragraph constitutes legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

11.     This paragraph constitutes legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     Admitted.

18.     Admitted.

19.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

20.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

21.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

22.     The first clause of the first sentence constitutes Plaintiffs' characterization of their case to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations. The remainder of the paragraph constitutes legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

23.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

24.     The first sentence refers to ¶¶ 38-40 and Defendants hereby incorporate by reference their responses to ¶¶ 38-40 as if fully set out herein and otherwise admit the allegations in the first sentence. Defendants deny the allegations in the second sentence.

25.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

26.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer

the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

27.     Defendants admit the text of the paragraph.  The footnote in this paragraph consists of Plaintiffs' characterization of administrative law judges' orders to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited administrative law judge cases for a full and accurate statement of their contents, and otherwise deny the allegations.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The second sentence constitutes Plaintiffs' characterization of the cited document to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations in the second sentence.

29.     The allegations in the first sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations in the first sentence. Defendants admit the second sentence.

30.     The allegations in this paragraph constitute legal conclusions and Plaintiffs' characterization of the 1990 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

31.     The allegations in this paragraph constitute legal conclusions and Plaintiffs' characterization of the 1990 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

32. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

33. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

34. The allegations in this paragraph constitute legal conclusions and Plaintiffs' characterization of the 1990 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant provisions for a full and accurate statement of their contents, and otherwise deny the allegations.

35. The allegations in this paragraph consist of Plaintiffs' characterization of the 1990 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant provisions for a full and accurate statement of their contents, and otherwise deny the allegations.

36. The allegations in this paragraph constitute Plaintiffs' characterization of the cited document to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

37. Denied except to admit that 30 U.S.C. § 814 states that "upon inspection or investigation, the Secretary or his authorized representative believes that an operator of a coal or other mine subject to this chapter has violated this chapter . . . shall, with reasonable promptness, issue a citation to the operator."

38.      The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

39.      The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

40.      Defendants admit that violations carry civil monetary penalties up to $220,000 for flagrant violations. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

41.      The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

42.      The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

43.      Denied except to admit that in 2011 33% of contested S&S citations were vacated, dismissed, or modified during legal proceedings.

44.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

45.     The allegations contained in the first sentence consist of Plaintiffs' characterization of the cited regulation to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents, and otherwise deny the first sentence. Defendants deny the second sentence.

46.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

47.     The allegations in this paragraph constitute legal conclusions and Plaintiffs' characterization of the statutes and regulations to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49.     Denied.

50.     Admitted.

51.     Denied except to admit that in 2012 29% of the citations and orders issued were S&S and the paragraph contains an accurate citation to the website.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence.  Defendants deny the allegations in the second sentence except

to admit that in 2011 33% of contested S&S citations were vacated, dismissed, or modified during legal proceedings.

53.     The allegations in this paragraph constitute legal conclusions and Plaintiffs' characterization of the cited case to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55.     The allegations contained in this paragraph constitute characterizations of the cited document to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents, and otherwise deny the allegations.

56.     Defendants admit the first sentence. The allegations in the second sentence constitute Plaintiffs' characterizations of the cited document to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents, and otherwise deny the allegations.

57.     The allegations contained in this paragraph constitute legal conclusions and Plaintiffs' characterization of congressional hearings to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited congressional hearings for a full and accurate statement of their contents, and otherwise deny the allegations.

58.     The allegations contained in this paragraph constitute Plaintiffs' characterization of congressional hearings to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited congressional hearings for a full and accurate statement of their contents, and otherwise deny the allegations.

59.     The allegations contained in this paragraph Plaintiffs' characterization of congressional hearings to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited congressional hearings for a full and accurate statement of their contents, and otherwise deny the allegations.

60.     Defendants admit only that Congress considered multiple bills to amend the Mine Act. The remaining allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

61.     The allegations contained in this paragraph constitute Plaintiffs' characterization of the congressional record to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited congressional record for a full and accurate statement of its contents, and otherwise deny the allegations.

62.     The allegations contained in this paragraph constitute legal conclusions and Plaintiffs' characterization of the history of the rulemaking to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

63.     The allegations in the first sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents, and otherwise deny the allegations. The allegations contained in the remainder of the paragraph constitute Plaintiffs' characterization of the 2013 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

64.     The allegations contained in this paragraph constitute Plaintiffs' characterization of the 2013 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

65.     The allegations contained in this paragraph constitute legal conclusions and Plaintiffs' characterization of the 2013 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents, and otherwise deny the allegations.

66.      The allegations contained in this paragraph constitute legal conclusions and Plaintiffs' characterization of the 2013 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

67.     The allegations contained in this paragraph constitute legal conclusions and Plaintiffs' characterization of the 2013 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

68.     The allegations contained in this paragraph constitute Plaintiffs' characterization of the 2013 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

69.     As to the first sentence, Plaintiffs' use of the term "corrective action plan approval and success criteria" is not clear and therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The allegations in the second sentence constitute legal conclusions to which no response is required. To the extent a

response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations. Defendants deny the third sentence. The citations in the remainder of the paragraph constitute Plaintiffs' characterization of the cited documents to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited documents for a full and accurate statement of their contents, and otherwise deny the allegations.

70.     Defendants deny the first sentence. The allegations contained in the remainder of the paragraph constitute Plaintiffs' characterization of the cited authority to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents, and otherwise deny the allegations.

71.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

72.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

73.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

74.     The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

75.    The allegations contained in this paragraph constitute Plaintiffs' characterization of the contents of the administrative rulemaking record to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative rulemaking record for a full and accurate statement of its contents, and otherwise deny the allegations.

76.    The allegations contained in this paragraph constitute Plaintiffs' characterization of the contents of the administrative rulemaking record to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative rulemaking record for a full and accurate statement of its contents, and otherwise deny the allegations.

77.    Denied except to admit that MSHA promulgated the 2013 POV rule on January 23, 2013.

78.    The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

79.    The allegations contained in this paragraph constitute Plaintiffs' characterization of an administrative law judge's decision to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited administrative law judge's decision and to the Federal Mine Safety and Health Review Commission's September 29, 2015, decision reversing the cited decision, *Brody Mining, LLC*, 37 FMSHRC 1914 (2015), for a full and accurate statement of their contents, and otherwise deny the allegations.

80.    The allegations contained in this paragraph constitute legal conclusions and Plaintiffs' characterization of an administrative law judge's decision to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited administrative law judge's decision and to the Federal Mine Safety and Health Review

14

Commission's September 29, 2015, decision reversing the cited decision, *Brody Mining, LLC*, 37 FMSHRC 1914 (2015), for a full and accurate statement of their contents, and otherwise deny the allegations. This paragraph contains a citation to footnote 1 of the Complaint and Defendants incorporate by reference their response from paragraph 27 to that footnote.

81.    The allegations contained in this paragraph constitute Plaintiffs' characterization of an administrative law judge's decision to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited administrative law judge's decision and to the Federal Mine Safety and Health Review Commission's September 29, 2015, decision reversing the cited decision, *Brody Mining, LLC*, 37 FMSHRC 1914 (2015), for a full and accurate statement of their contents, and otherwise deny the allegations.

82.    The allegations contained in this paragraph constitute legal conclusions and Plaintiffs' characterization of an administrative law judge's decision to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited administrative law judge's decision and to the Federal Mine Safety and Health Review Commission's September 29, 2015, decision reversing the cited decision, *Brody Mining, LLC*, 37 FMSHRC 1914 (2015), for a full and accurate statement of their contents, and otherwise deny the allegations.

83.    The allegations contained in this paragraph constitute Plaintiffs' characterization of an administrative law judge's decision to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited administrative law judge's decision and to the Federal Mine Safety and Health Review Commission's September 29, 2015, decision reversing the cited decision, *Brody Mining, LLC*, 37 FMSHRC 1914 (2015), for a full and accurate statement of their contents, and otherwise deny the allegations.

84.    The first sentence constitutes Plaintiffs' characterization of an administrative law judge's decision to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited administrative law judge's decision and to the Federal Mine Safety and Health Review Commission's September 29, 2015, decision reversing the cited decision, *Brody Mining, LLC*, 37 FMSHRC 1914 (2015), for a full and accurate statement of their contents, and otherwise deny the allegations. The second and third sentences constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the second and third sentences.

85.    This paragraph re-alleges paragraphs 1-84 to which no response is required. To the extent a response is deemed required, Defendants incorporate by reference their answers to paragraphs 1-84 as if fully set out herein.

86.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

87.    The allegations in this paragraph constitute a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

88.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

89.     As to the first sentence, Plaintiffs seem to rely on assumptions whose meanings and correctness are not clear and therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The allegations contained in the second sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

90.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

91.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

92.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

93.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

94.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

95.     This paragraph re-alleges paragraphs 1-94 to which no response is required. To the extent a response is deemed required, Defendants incorporate by reference their answers to paragraphs 1-94 as if fully set out herein.

96.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to

the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

97.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

98.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

99.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

100.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authorities for a full and accurate statement of their contents, and otherwise deny the allegations.

101.    This paragraph re-alleges paragraphs 1-100 to which no response is required. To the extent a response is deemed required, Defendants incorporate by reference their answers to paragraphs 1-100 as if fully set out herein.

102.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

103.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

104.     Defendants deny the first sentence. The second sentence constitutes Plaintiffs' characterization of the administrative rulemaking record to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative rulemaking record for a full and accurate statement of its contents, and otherwise deny the allegations in the second sentence. The allegations in the third sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in the third sentence.

105.     The allegations in the first, second, and fourth sentences constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in these sentences.  As to the third sentence, Defendants deny except to admit that the number of fatalities in U.S. mines was at least 100 in 1991 and was 35 in 2009. The allegations in the fifth sentence constitute Plaintiffs' characterization of the administrative rulemaking record to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative rulemaking record for a full and accurate statement of its contents, and otherwise deny the allegations in the fifth sentence.

106.     The allegations in the first, fourth, and fifth sentences constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in these sentences. The allegations in the second and third sentences constitute Plaintiffs' characterization of the administrative rulemaking record to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative rulemaking record for a full and accurate statement of its contents, and otherwise deny the allegations in these sentences.

107.    The allegations in the first sentence constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. The allegations in the second sentence constitute Plaintiffs' characterization of the 2013 POV rule to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

108.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents, and otherwise deny the allegations.

109.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

110.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

111.    This paragraph re-alleges paragraphs 1-110 to which no response is required. To the extent a response is deemed required, Defendants incorporate by reference their answers to paragraphs 1-110 as if fully set out herein.

112-119. The Court has dismissed Plaintiffs' due process claim. No response is required.  To the extent a response is deemed required, the Court is respectfully referred to the various items cited and characterized in these paragraphs for a full and accurate statement of their contents, and otherwise Defendants deny the allegations of these paragraphs.

120.    This paragraph re-alleges paragraphs 1-119 to which no response is required. To the extent a response is deemed required, Defendants incorporate by reference their answers to paragraphs 1-119 as if fully set out herein.

121.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents, and otherwise deny the allegations.

122.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents, and otherwise deny the allegations.

123.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

124.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

125.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

126.    The Court has dismissed Plaintiffs' due process claim. No response is required.  To the extent a response is deemed required, the Court is respectfully referred to relevant authorities for a full and accurate statement of their contents, and otherwise Defendants deny the allegations.

127.    This paragraph constitutes Plaintiffs' prayer for relief to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

The balance of the Complaint constitutes Plaintiffs' prayer for relief to which no response is required. To the extent a response is deemed required, Defendants deny those allegations and further aver that Plaintiffs are not entitled to any relief.

Defendants expressly deny all allegations that are not expressly admitted or denied, including headings.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants assert that

Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this

action be dismissed in its entirety with prejudice and that Defendants be given such other relief

as this Court deems proper, including costs and disbursements.

Dated: July 21, 2016                       Respectfully submitted,

                                           BENJAMIN C. MIZER
                                           Principal Deputy Assistant Attorney General

                                           CARTER M. STEWART
                                           United States Attorney

                                           JUDRY L. SUBAR
                                           Assistant Director
                                           Federal Programs Branch

                                           */s/ Alice Shih LaCour*
                                           ALICE SHIH LACOUR
                                           (Tex. Bar No. 24083839)
                                           Trial Attorney
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Ave., NW
                                           Washington, DC 20001
                                           Tel: (202) 514-3489|Fax: (202) 616-8470
                                           alice.s.lacour@usdoj.gov

                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 21, 2016 I electronically filed the foregoing Answer and that counsel

will be served by operation of the CM/ECF system.

Respectfully submitted,

*/s/ Alice Shih LaCour*

ALICE SHIH LACOUR